THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Clyde Ackerman, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Roy C. Walker,
 John R. Walker, John R. Walker, Inc., and Roy C. Walker, Inc., Appellants.
 
 
 
 
 

Appeal From Colleton County
J. Brady Hair, Special Referee

Unpublished Opinion No. 2009-UP-622
 Heard April 22, 2009  Filed December 30,
2009   

AFFIRMED and REMANDED

 
 
 
 Desa Ballard and P. Christopher Smith, Jr.,
 both of West Columbia, for Appellants.
 Charles S. Bernstein and Robert A.
 Bernstein, both of Charleston, for Respondent.
 
 
 

PER CURIAM:  Roy C. Walker, John R. Walker, John R.
 Walker, Inc., and Roy C. Walker, Inc. (collectively Appellants) allege the
 special referee erred in:  (1) failing to apply the burden of proof to the
 facts and failing to address the elements of a partnership; (2) treating this
 case as an accounting case after he concluded a partnership existed; and (3)
 concluding Clyde Ackerman was entitled to profits made from the interest
 collected from the financing of the properties.  We affirm pursuant to Rule 220(b)(1), SCACR, and the following
 authorities:  S.C. Code Ann. § 33-41-210 (2006) ("A 'partnership' is an
 association of two or more persons to carry on as co-owners a business for
 profit . . . ."); S.C. Code Ann. § 33-41-220(4) (2006) (stating the
 sharing of profits is prima facie evidence of the existence of a partnership); Moore
 v. Moore, 360 S.C. 241, 260, 599 S.E.2d 467, 477 (Ct. App. 2004) ("Where
 the parties to a contract, by their acts, conduct, or agreement show that they
 intended to combine their property, labor, skill and experience, or some of
 these elements on one side, and some on the other, to carry on, as principals
 or co-owners, a common business, trade, or venture as a commercial enterprise,
 and to share, either expressly or by implication, the profits and losses or expenses
 that may be incurred, such parties are partners.") (internal quotation
 omitted); Halbersberg v. Berry, 302 S.C. 97, 101, 394 S.E.2d 7, 10 (Ct.
 App. 1990) (employing the following tests to determine whether a partnership
 exists:  (1) the sharing of profits and losses; (2) community of interest in
 capital or property; and (3) community of interest in control or management); Stephens
 v. Stephens, 213 S.C. 525, 531, 50 S.E.2d 577, 579 (1948) ("[W]hen all
 of the conditions exist which by law create a legal relationship, the effects
 flowing legally from such relation follow whether the parties foresaw and
 intended them or not.").     
Additionally, we remand this
 case to the Special Referee for dissolution.  At trial and in their briefs,
 both parties requested dissolution.  S.C. Code Ann. § 33-41-930(1)(b) (2006)
 (stating dissolution can be obtained "by the express will of any partner
 when no definite term or particular undertaking is specified").  Because
 we remand for dissolution, we also remand for an accounting.          
AFFIRMED and REMANDED. 
HEARN, C.J., and PIEPER, J., and LOCKEMY, J.,
 concur.